J. S04032/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                  :           PENNSYLVANIA
                          v.                       :
                                                  :
TITO McGILL,                               :        No. 708 MDA 2017
                                                  :
                   Appellant               :

Appeal from the PCRA Order, March 10, 2017,
in the Court of Common Pleas of Dauphin County
Criminal Division at No. CP-22-CR-0001336-1996

BEFORE:  SHOGAN, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED FEBRUARY 21, 2018**

Tito McGill appeals ***pro se*** from the March 10, 2017 order denying his second petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA")[1] as untimely.  After careful review, we affirm.

The relevant facts and procedural history of this case were summarized in the PCRA court's Pa.R.Crim.P. 907 notice and need not be reiterated here.  (**See** Notice Pursuant to Rule of Criminal Procedure 907, 1/24/17 at 1-2; certified record at no. 17.)  In sum, appellant was found guilty of first-degree murder and related offenses and was sentenced to an aggregate term of life imprisonment on August 27, 1996.  On March 18, 1999, a panel of this court affirmed appellant's judgment of sentence, and

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

our supreme court denied allowance of appeal on July 13, 1999. *Commonwealth v. McGill*, 737 A.2d 1276 (Pa.Super. 1999), *appeal denied*, 740 A.2d 1145 (Pa. 1999). On April 18, 2000, appellant filed his first *pro se* PCRA petition, and counsel was appointed to represent him. The PCRA court ultimately dismissed appellant's petition on August 27, 2002. On August 6, 2003, a panel of this court affirmed the dismissal of appellant's petition, and our supreme court denied allowance of appeal on September 23, 2004. *Commonwealth v. McGill*, 833 A.2d 1148 (Pa.Super. 2003), *appeal denied*, 859 A.2d 768 (Pa. 2004).

Appellant filed the instant *pro se* petition, his second, on August 13, 2012, as well as a 21-page supplemental *pro se* petition on March 14, 2016. On July 13, 2016, the PCRA court appointed Kaitlyn S. Clarkson, Esq. ("Attorney Clarkson"), to represent appellant. Thereafter, on November 28, 2016, Attorney Clarkson filed a "no-merit" letter and a petition to withdraw in accordance with *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). On January 24, 2017, the PCRA court granted Attorney Clarkson leave to withdraw and provided appellant with notice of its intention to dismiss his petition without a hearing, pursuant to Rule 907. Appellant filed a *pro se* response to the PCRA court's Rule 907 notice on February 10, 2017.

Thereafter, on March 10, 2017, the PCRA court dismissed appellant's petition as untimely. This timely appeal followed.[2]

Before we address the merits of appellant's arguments, we must first consider the timeliness of appellant's PCRA petition because it implicates the jurisdiction of this court and the PCRA court. ***Commonwealth v. Davis***, 86 A.3d 883, 887 (Pa.Super. 2014) (citation omitted). It is well settled that all PCRA petitions, including second and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Here, appellant's judgment of sentence became final on October 13, 1999, 90 days after the Pennsylvania Supreme Court denied allowance of appeal and the deadline for filing a petition for writ of ***certiorari*** in the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[]"). Accordingly, appellant had until October 13, 2000, to file a timely PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1). Appellant's instant petition, filed August 13, 2012, is patently

---

[2] The PCRA court ordered appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b), on April 24, 2017. Appellant filed a timely ***pro se*** Rule 1925(b) on May 10, 2017. On August 9, 2017, the PCRA court filed a "Memorandum Statement in Lieu of Opinion" adopting the reasoning set forth in this January 24, 2017 Rule 907 notice.

untimely, and the PCRA court lacked jurisdiction to review it, unless appellant alleged and proved one of the statutory exceptions to the time-bar set forth in Section 9545(b)(1).

To invoke an exception under Section 9545(b)(1), a petitioner must allege and prove:

>   (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
>   (ii)   the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
>   (iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Instantly, the record reveals that appellant failed to prove any of the statutory exceptions to the PCRA time-bar. The crux of appellant's argument on appeal is that his sentence of life imprisonment is unconstitutional in light of the United States Supreme Court's decisions in ***Miller v. Alabama***, 567 US 460 (2012), and ***Montgomery v. Louisiana***, 136 S.Ct. 718 (2016). (***See*** appellant's brief at 9-10.) In ***Miller***, the Supreme Court recognized a constitutional right for juveniles, holding that

"mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition against 'cruel and unusual punishments.'" **Miller**, 567 US at 465. In **Montgomery**, the Supreme Court recently held that its rule announced in **Miller** applies retroactively on collateral review. **Montgomery**, 136 S.Ct. at 736.

Here, however, the record reveals that appellant was **19 years old** on December 14, 1995, the date he committed the crimes in question. As such, these cases are inapplicable. **Miller**, 567 US at 465; **see also Commonwealth v. Furgess**, 149 A.3d 90, 92-93 (Pa.Super. 2016) (holding that, an appellant's assertion of the time-bar exception set forth in Section 9545(b)(1)(iii) must be rejected because the constitutional rule rendering mandatory sentences of life imprisonment without possibility of parole on juveniles unconstitutional applied only to those defendants who were 18 or under when offenses were committed).

Accordingly, we discern no error on the part of the PCRA court in dismissing appellant's PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/21/2018